STROUSE, ADLER & CO. *v.* UNITED STATES (No. 2110).[1]

APPRAISED VALUE.

   The appraised value of paragraph I, section III, tariff act of 1913, imposing addi-
tional duty when the appraised exceeds the entered value, means whatever ap-
praised value is final, whether that of the local appraiser, that of the single general
appraiser on appeal, or that of the board of three general appraisers on reappeal;
and where the collector successively appealed until he secured a re-reappraisal
higher than the entered value, his imposition of the additional duty was legal.

## United States Court of Customs Appeals, December 14, 1921.

APPEAL from Board of United States General Appraisers, G. A. 8438 (T. D. 38722).

   [Affirmed.]

   *Barnes, Chilvers & Halstead (Frank M. Halstead* of counsel) for appellants.
   *Wm. W. Hoppin,* Assistant Attorney General (*John J. Mulvaney,* special attorney,
of counsel), for the United States.

[Oral argument Oct. 25, 1921, by Mr. Halstead and Mr. Hoppin.]

Before DE VRIES, Presiding Judge, and SMITH, BARBER, and MARTIN, Associate
Judges.

BARBER, Judge, delivered the opinion of the court:

The imported merchandise in this case was entered at the invoice
value. The local appraiser returned the same as correct. The
collector appealed to reappraisement to a single general appraiser,
who affirmed the appraised value. The collector again appealed to
a board of three general appraisers for re-reappraisement. That
board found the market value to be in excess of the entered value.
Thereupon the collector liquidated the duties upon the value found
by the last-mentioned board in compliance with the provisions of
paragraph M, section III, of the tariff act of 1913, and also assessed
additional duties as provided by paragraph I of the same section.

The liquidation of the assessment of such additional duties was
challenged by the protest. Upon hearing the board sustained such
assessment and whether or not such additional duties were lawfully
assessed is the sole question here.

For convenience, the material portions of the various statutes
involved are here referred to.

Paragraph I, after authorizing the entrant of imported merchandise
to make such addition in the entry to or such deduction from the
cost or value given in the invoice as in his opinion may raise or lower
the same to the actual market value or wholesale price of the importa-
tion, provides that—

the collector * * * shall cause the actual market value or wholesale price of such
merchandise to be appraised; and if the appraised value of any article of imported
merchandise subject to an ad valorem duty or to a duty based upon or regulated in
any manner by the value thereof shall exceed the value declared in the entry, there

[1] T. D. 38964.

shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total appraised value thereof for each 1 per centum that such appraised value exceeds the value declared in the entry.

Paragraph M of Section III provides—

That the appraiser shall revise and correct the reports of the assistant appraisers as he may judge proper, and the appraiser, or, at ports where there is no appraiser, the person acting as such shall report to the collector his decision as to the value of the merchandise appraised. At ports where there is no appraiser the certificate of the customs officer to whom is committed the estimating and collection of duties, of the dutiable value of any merchandise required to be appraised, shall be deemed and taken to be the appraisement of such merchandise. If the collector shall deem the appraisement of any imported merchandise too low, he may, within sixty days thereafter, appeal to reappraisement, which shall be made by one of the general appraisers, or if the importer, owner, agent, or consignee of such merchandise shall deem the appraisement thereof too high, and shall have complied with the requirements of law with respect to the entry and appraisement of merchandise, he may within ten days thereafter appeal for reappraisement by giving notice thereof to the collector in writing. * * * The decision of the general appraiser in cases of reappraisement shall be final and conclusive as to the dutiable value of such merchandise against all parties interested therein, unless the importer, owner, consignee, or agent of the merchandise shall deem the reappraisement of the merchandise too high, and shall, within five days thereafter, give notice to the collector, in writing, of an appeal, or unless the collector shall deem the reappraisement of the merchandise too low, and shall within ten days thereafter appeal for re-reappraisement; in either case the collector shall transmit the invoice and all the papers appertaining thereto to the board of nine general appraisers, to be by rule thereof duly assigned for determination. In such cases the general appraiser and boards of general appraisers shall proceed by all reasonable ways and means in their power to ascertain, estimate, and determine the dutiable value of the imported merchandise, and in so doing may exercise both judicial and inquisitorial functions. * * * The decision of the appraiser, or the person acting as such (in case where no objection is made thereto, either by the collector or by the importer, owner, consignee, or agent), or the single general appraiser in case of no appeal, or of the board of three general appraisers, in all reappraisement cases, shall be final and conclusive against all parties and shall not be subject to review in any manner for any cause in any tribunal or court, and the collector or the person acting as such shall ascertain, fix, and liquidate the rate and amount of the duties to be paid on such merchandise, and the dutiable costs and charges thereon, according to law.

Paragraph K of Section III, from which it seems unnecessary to quote, provides that the appraisers, and every of them, and every person so acting, shall in the manner provided ascertain the actual market value and wholesale price of merchandise at the time of exportation to the United States.

Paragraph R of Section III provides—

That the words "value," or "actual market value," or "wholesale price," whenever used in this act, or in any law relating to the appraisement of imported merchandise, shall be construed to be the actual market value or wholesale price of such or similar merchandise comparable in value therewith, as defined in this act.

The contention of importers here is that the appraised value mentioned in paragraph I, above quoted, and upon which additional duties may be levied, is that determined by the local appraiser.   In other words, and in short, that the value fixed by the local appraiser is the only value upon which additional duties, if they accrue, can be assessed, and it is said that this question has not been presented for decision in any judicial proceeding.

The issue has been clearly presented and ably discussed.

Among other things, importers' counsel argues that nowhere in the statutes is the value of merchandise found on reappraisement or re-reappraisement proceedings, specifically referred to as the appraised value; that in paragraph M, under which all reappraisements are made, the term "appraised value" does not appear, while the word "reappraisement" appears seven times; that, for instance, in the provision that "the decision of the general appraiser in cases of reappraisement shall be final   *   *   *   against all parties   *   *   * unless the   *   *   *   agent of the merchandise shall deem the reappraisement of the merchandise too high   *   *   *   or unless the collector shall deem the reappraisement of the merchandise too low   *   *   *," if the words "reappraised value" were substituted for the word "reappraisement" the meaning would be the same, but that it would be using language to conceal thought to substitute the words "appraised value" therefor, and that such last-mentioned substituted words could not be employed to express the meaning intended; that while the statutes do not anywhere use the term "appraised value" as meaning reappraisement, paragraph L, Section III, in using the word "appraised" as including "reappraised" expressly so defines the term in the following language—

and in no case shall such merchandise be appraised upon original appraisal or reappraisement at less than the total cost of production—

from which it is urged that because Congress there employed definite terms of extension to extend the word "appraised" to include both the "original appraisal" and "reappraisement," it is strongly persuasive that the same words should not be read into the provisions of paragraph I of the same section, resulting, as it does, in additional duties in the nature of a penalty.

Again, it is urged that the view that the term "appraised value" is used in said paragraph I in its literal meaning as the value found on the original appraisement is supported by the fact that the term is employed immediately following the provision that the collector of customs shall cause the merchandise to be appraised; that the only appraisement caused to be made by the collector is the one made by the local appraiser, which is accomplished in the manner provided by sections 2901 and 2906 of the Revised Statutes, from which it is

claimed that not only from the literal language of the act but from its context the term "appraised value" was intended to include no other value than that found by the local appraiser.

It is also argued that if Congress intended the term "appraised value" to include that ascertained upon reappraisement or re-reappraisement, it would have been easy to so indicate in the various relevant statutory provisions.

Importers' counsel further proceeds with a very careful and exhaustive analysis of the language of the relevant statutory provisions, a reproduction of the arguments relating to which would unnecessarily extend this opinion. Suffice it to say, that therefrom and from what has above been specifically mentioned, counsel insistently urges that the interpretation of the statutes for which he contends should be adopted and the protest sustained. It is further claimed that there is no long-established practice to the contrary of importers' claim, nothing in the customs regulations to so indicate, and no decision from which such contrary practice is inferable.

In the brief and throughout the discussion importers rely upon the basic proposition so clearly enunciated by Judge Story in United States *v.* Wigglesworth (2 Story, 391), in substance, that in the interpretation of statutes levying taxes or duties it is a general rule their provisions shall not be extended by implication beyond the clear import of the language used or their operation enlarged so as to embrace matters not specially pointed out, although in close analogy, and that in case of doubt such statutes are to be construed most strongly against the Government and in favor of the subject.

Importers, however, do concede that the ordinary duties must be liquidated on the dutiable value as established on the reappraisement or re-reappraisement as the one or the other may have become final.

Counsel for the Government in reply urges that the uniform policy of the Government has been to discourage undervaluation on entry; that these additional or penal duties are imposed for the purpose of preventing such undervaluation; that the contemporaneous construction of the provisions involved, and those similar thereto, select the final appraisal, whether that of reappraisement or re-reappraisement as that upon which all duties, regular or additional, shall be assessed.

We do not find it necessary, after this somewhat exhaustive statement of importers' claims, to proceed seriatim to review the same. They are presented for the purpose of showing the nature of the argument.

It will be noted that paragraph M provides that the *decision* of the local appraiser, or of the single general appraiser, or of the board of three general appraisers, in case no appeal is taken therefrom, shall be final and conclusive against all parties, shall not be subject

to review in any manner, for any cause, in any tribunal, and that the collector or person so acting shall ascertain, fix, and liquidate the rate and amount of duties to be paid on the merchandise and the costs and the charges thereon according to law.

We think it is clear, when the applicable statutes are considered as a whole, that the *decision* referred to is the determination or ascertainment of the value of the imported merchandise, and that it covers the value ascertained by the local appraiser, as well as that of the single general appraiser, or the board of three upon appeal. The thing that is before any or either of these officers or tribunals is the value of the merchandise; that is the question they are called upon to decide; its ascertainment is their decision; their decision is the value as they respectively appraise it; it is the appraised value so far as each is concerned; the one finally determined upon under the statute is the final appraised value for tariff purposes, and we do not think Congress contemplated that imported merchandise could have one appraised value for the assessment of regular or normal duties and another and different one for those which are in addition thereto, even though penal in character.

The failure to use the term "appraised value" in the instances cited by importers, or in every instance when the value of the merchandise ascertained in the manner provided by paragraph M is referred to, in lieu of the words actually employed, frequently would obviously result in awkward expressions, while by the use of the language that is in fact employed the intent we think is made perfectly plain, namely, that the only appraised value that is established and declared final is that of the local appraiser when there is no appeal from his decision, of the single general appraiser when his decision is not appealed from, or of the board of three general appraisers when its jurisdiction is invoked, and that the value so finally ascertained constitutes the appraised value of the merchandise for the purpose of assessing duties thereon, including additional duties in case of undervaluation.

This is all the more manifest in view of the explicit concession of the importers that an appeal from the judgment of the local appraiser vacates the same, at least for the assessment of normal duties, and from the further fact, as pointed out by the board in its decision, that if upon appeal from a decision of the local appraiser advancing the value of the merchandise from the value at which it was entered to an amount that makes the provisions of paragraph I for the assessment of additional duties applicable, the importer, upon appeal, would not be relieved of the additional duties resulting from the appraisal of the local appraiser if the final decision of the general appraiser or the board of three should result in holding the entered value to be correct.

It is quite apparent to us that Congress intended to establish in paragraph M an orderly procedure for ascertaining the value of imported merchandise, and understood that value, when in question, generally is the result of appraisal, and is naturally and properly referred to as appraised value. Whether referred to as an appraisement, reappraisement, or re-reappraisement, the result is the same, i. e., appraised value, and the act by which it is obtained, whether called appraisal, reappraisal, or re-reappraisal, is really an appraisal, an estimation of value, in tariff practice by an officer or officers charged with that duty.—Gallagher *v.* United States (4 Ct. Cust. Appls., 308; T. D. 33518).

The provision in paragraph R that in any law relating to the appraisement of imported merchandise the words "value" or "actual value" or "wholesale price" shall be construed to be the actual market value or wholesale price of the merchandise confirms this view when it is considered that the term "appraisement" may refer as well to the action of the single general appraiser or to the board of three as to the local appraiser, and that what each is trying to ascertain is the market value of the merchandise at the place of exportation, which, when ascertained pursuant to the statute, becomes the appraised value thereof.

While the precise question here under consideration does not seem to have been adjudicated, indeed so far as we know a like contention has never before been made, yet there is nothing whatever to indicate that the assessment of additional duties, when made, has not always been upon the value finally ascertained on appeal, if taken, instead of upon the value fixed by the local appraiser.

Many cases have been referred to which indicate that such a course has been pursued, although we do not treat them as so adjudicating. They may, however, with propriety be regarded as indicating the long-time general understanding of the officers of the Government charged with the enforcement of tariff laws, as well as of the legal fraternity, whether employed by the Government or by importers. Indeed, we do not regard the statutes as ambiguous upon the question here in issue.

The judgment of the Board of General Appraisers is *affirmed.*